**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2223-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTHONY M. GRAZIANO,
a/k/a DREEPER1UP and
DAY6GRAZIANO,

    Defendant-Appellant.

_____

Submitted May 13, 2025 – Decided June 23, 2025

Before Judges Gilson and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 13-03-0374.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (William P. Miller, Assistant Prosecutor, of counsel; John J. Scaliti, Legal Assistant, on the brief).

PER CURIAM

Defendant Anthony Graziano appeals from a January 30, 2024 order denying his petition for post-conviction relief (PCR) following an evidentiary hearing on one of his claims. He argues that his trial counsel was ineffective in not moving to dismiss two counts under the Anti-Terrorism Act (the Act), N.J.S.A. 2C:38-1 to -5. Additionally, he contends that he was entitled to an evidentiary hearing on his claim that his trial counsel failed to adequately consult with him. We reject those arguments and affirm substantially for the reasons explained by the PCR judge in his comprehensive written opinion issued on January 30, 2024.[1]

## I.

Defendant and co-defendant Aakash Dalal were indicted for thirty crimes related to the fire-bombings and vandalism of four Jewish synagogues and a Jewish community center. The co-defendants were tried separately. A jury convicted defendant of twenty-one crimes, including first-degree terrorism, N.J.S.A. 2C:38-2(a); and second-degree hindering apprehension or prosecution for terrorism, N.J.S.A. 2C:38-4(a) and N.J.S.A. 2C:2-6.

---

[1] Both the order and opinion were dated January 29, 2024, but were filed on January 30, 2024. We use the filing date.

A-2223-23

Defendant was sentenced to an aggregate prison term of thirty-five years, with thirty years of parole ineligibility and five years of parole supervision after his release. He filed a direct appeal from his convictions and sentence. We affirmed his convictions and sentence in two opinions: a published opinion, rejecting defendant's constitutional challenge to the Act, State v. Dalal, 467 N.J. Super. 261 (App. Div. 2021); and an unpublished opinion, rejecting defendant's additional arguments, State v. Graziano, No. A-0686-17 (App. Div. Apr. 15, 2021). The Supreme Court denied defendant's petition for certification. State v. Graziano, 249 N.J. 69 (2021).

In March 2022, defendant filed a PCR petition. He was assigned counsel, and with the assistance of counsel he amended his PCR petition.

Thereafter, the PCR judge granted defendant an evidentiary hearing focused on trial counsel's failure to move to dismiss the two counts based on the Act. In that regard, defendant contended that those counts should have been dismissed because the Bergen County Prosecutor had not obtained timely permission from the New Jersey Attorney General to bring terrorism charges under the Act.

On September 8, 2023, the judge conducted an evidentiary hearing and heard testimony from defendant's trial counsel. Thereafter, on January 30, 2024,

the PCR judge issued an order and written opinion denying defendant's PCR petition.

In his fourteen-page opinion, the judge considered all defendant's claims of ineffective assistance of counsel. Concerning the claim that counsel should have moved to dismiss the two counts under the Act, the judge found that neither the facts nor the law supported that claim.

In terms of the facts, the judge found that it was undisputed that the prosecutor presented evidence to a grand jury on February 22, 2013. The prosecutor did not, however, ask the grand jury to determine any charges against defendant on that day. Instead, later that same day, the Bergen County Prosecutor wrote to the New Jersey Attorney General and requested permission to seek an indictment against defendant under the Act. On February 28, 2013, the Attorney General provided written authorization to the Bergen County Prosecutor to seek an indictment charging defendant for crimes of terrorism under the Act. On March 1, 2013, the grand jury reconvened, the jurors were instructed on the law, and they issued the indictment against defendant, which included two charges under the Act.

Based on those facts, the PCR judge concluded that defendant's trial counsel had not been ineffective in not moving to dismiss the two counts based

4

on the Act.  The judge reasoned that the motion would not have been successful because the prosecutor had obtained the required permission from the Attorney General before the jury indicted defendant on the two counts under the Act.

Addressing defendant's other claim that his trial counsel had been ineffective in failing to adequately consult with him, the judge found that defendant had failed to present a prima facie showing of ineffective assistance of counsel.  The judge reasoned that defendant had not presented specific evidence that his counsel had failed to consult with him.  The judge also found that defendant's bald assertions did not establish prejudice.

## II.

On this appeal, defendant makes two arguments, which he articulates as follows:

> POINT I – THE CONVICTION AS TO COUNTS TWENTY-NINE AND THIRTY OF THE INDICTMENT, PERTAINING TO TERRORISM, MUST BE REVERSED AND DISMISSED, BECAUSE TRIAL COUNSEL WAS INEFFECTIVE BY FAILING TO MOVE FOR THEIR DISMISSAL DUE TO THE PROSECUTION'S NOT COMPLYING WITH N.J.S.A. 2C:38-2e.
>
> POINT II – THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS

BY FAILING TO DISCUSS TRIAL STRATEGY OR
ADEQUATELY CONSULT WITH HIM.

When a PCR court conducts an evidentiary hearing, appellate courts review factual and credibility findings under a deferential standard and only reverse the findings if they are not supported by substantial credible evidence. See State v. Gideon, 244 N.J. 538, 551 (2021). Legal issues are reviewed de novo on appeal. State v. Nash, 212 N.J. 518, 540-41 (2013) (citing State v. Harris, 181 N.J. 391, 415-16 (2004)).

On issues where a PCR court did not conduct an evidentiary hearing, appellate courts review the denial of the PCR de novo. Harris, 181 N.J. at 421; State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020). The PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

In his first argument, defendant contends that his trial counsel was ineffective in not moving to dismiss counts twenty-nine and thirty of the indictment, which charged him with first-degree terrorism and second-degree hindering apprehension of prosecution for terrorism. Regarding who has authority to prosecute a charge of terrorism, the Act states, in relevant part:

A prosecution pursuant to this section may be brought by the Attorney General, his assistants and deputies within the Division of Criminal Justice, or by a county prosecutor or a designated assistant prosecutor if the county prosecutor is expressly authorized in writing by the Attorney General to prosecute a violation of this section.

[N.J.S.A. 2C:38-2(e).]

The PCR judge found that the material facts were undisputed. The grand jury was presented with evidence on February 22, 2013. The Attorney General authorized the Bergen County Prosecutor in writing to seek indictments under the Act on February 28, 2013. The grand jury then issued the indictment, including the two charges under the Act, on March 1, 2013. Based on those undisputed facts, the judge held that the Bergen County Prosecutor had received timely authorization from the Attorney General.

The PCR judge's findings of fact are supported by substantial credible evidence. Indeed, defendant does not dispute the chronology of the events. We also agree with the judge's legal conclusion that the Bergen County Prosecutor obtained timely permission from the Attorney General. We add one comment.

The Act does not specify a time when the Attorney General is to provide his written authorization. We need not address that timing issue in this opinion.

7

Instead, we agree with the PCR judge and hold that authorization obtained before a grand jury returns its indictment is timely authorization under the Act.

In his second argument, defendant contends that he was entitled to an evidentiary hearing on his claims that his trial counsel did not adequately consult with him. Having conducted a de novo review of the record and the law, we reject that contention because defendant did not make a prima facie showing of prejudice.

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey). Under prong one, a defendant must establish that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Under prong two, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

As the PCR judge accurately pointed out, defendant did not explain how any additional consultation with trial counsel would have changed the outcome of his trial. In our opinions rejecting defendant's arguments on direct appeal, we detailed the substantial and strong evidence presented by the State at defendant's trial. In his PCR petition, defendant made no showing that any lack of consultation by his attorney would have undercut the State's overwhelming evidence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2223-23